

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 30, 1963

Honorable R. A. Benson                    Opinion No. C-132
Savings and Loan Commissioner
1010 Lavaca Street                        Re:  Interpretation of the
Austin 1, Texas                                scope and extent of the
                                               rule-making power of the
                                               Savings and Loan Commis-
                                               sioner and the Building
                                               and Loan Section of the
                                               Finance Commission with
                                               reference to specific
                                               sections of the new Texas
                                               Savings and Loan Act,
                                               codified as Article 852a,
Dear Mr. Benson:                               Vernon's Civil Statutes.

          You have requested the opinion of this office as
to the proper interpretation of the rule-making power of the
Savings and Loan Commissioner and the Building and Loan Sec-
tion of the Finance Commission with respect to certain sec-
tions of the Savings and Loan Act (Acts, 58th Legislature,
Regular Session, 1963, Chapter 113, page 269), codified as
Article 852a, Vernon's Civil Statutes.  The Savings and Loan
Act becomes effective on January 1, 1964.

          Your first question deals with the rule-making
power conveyed by Section 5.04 of the Texas Savings and Loan
Act.  That section is quoted:

          "The Commissioner and the Building and
     Loan Section of the Finance Commission, act-
     ing pursuant to the rule-making power, dele-
     gated by House Bill 91, Chapter 198, Acts of
     the Fifty-seventh Legislature, Regular Ses-
     sion, 1961, /codified as Article 342-205,
     Section (d) /as the same may be amended shall,
     from time to time, promulgate such rules and
     regulations in respect to loans by associations
     operating under this law as may be reasonably

-655-

necessary to assure that such loans are in
keeping with sound lending practices and pro-
mote the purposes of this Act; provided that
such rules and regulations shall not prohibit
an association from making any loan or invest-
ment that a Federal association could make
under applicable Federal regulations."

At the outset, we must note that in Attorney Gen-
eral's Opinion No. C-127 (1963), it was held that Article
342-205 did not convey any rule-making power to the Commis-
sioner or the Building and Loan Section. Such general power
was delegated in Article 342-114, and Article 342-205 merely
made reference to the delegation of already existing power
and established the mechanics in the exercise of such power.
We thus have the situation of the Texas Savings and Loan Act
in Section 5.04, quoted above, directing the exercise of a
power which does not exist under the Act quoted in Section
5.04. The question then is whether by the citation of an in-
correct Act the Legislature has made impossible the exercise
of rule-making authority in the particular area dealt with in
Section 5.04.

If we were to hold that the technical error des-
cribed above operated to deprive the Commissioner and the
Building and Loan Section from exercising any rule-making
power pursuant to Section 5.04, we would be placed in the
position of saying that the Legislature had done a useless
thing. The entire function and purpose of Section 5.04
would be erased from the statute books. The general provi-
sions of Article 342-114 grant to the Building and Loan
Section full power to make all necessary rules and regulations
for the necessary regulation of the savings and loan industry.
That Act has not been repealed and is in full force and effect.
The obvious purpose of Section 5.04 of the Savings and Loan
Act was to direct the Building and Loan Section and the Com-
missioner in the preparation of rules and regulations to carry
out the intent of the Legislature, expressed in Section 5.04.
The fact that the Legislature, in drafting Section 5.04, made
reference to an erroneous Act, one which did not grant the
rule-making power per se, is in our view immaterial. The
power to make rules exists by virtue of Article 342-114 and
no attempt has been made to remove such power. Section 5.04
merely establishes the goals toward which such rules should
be directed. We hold that the general grant of rule-making
power to the Building and Loan Section contained in Article
342-114 prevails over the specific mention of such power
erroneously contained in Section 5.04 of the Savings and Loan
Act, and that in making rules and regulations for the Savings
and Loan Industry, the Building and Loan Section and the Savings
and Loan Commissioner are bound by the provisions of Article

342-114, and the further directions contained in Section 5.04.

Your second question is directed to the rule-making power of the Commissioner and the Building and Loan Section with regard to the investments approved and authorized in Section 5.11 of the Savings and Loan Act. Section 5.11 is quoted below:

"Every association shall have power to invest in obligations of, or guaranteed as to principal and interest by, the United States or this State; in stock of a Federal Home Loan Bank of which it is eligible to be a member, and in any obligations or consolidated obligations of any Federal Home Loan Bank or Banks; in stock or obligations of the Federal Savings and Loan Insurance Corporation; in stock or obligations of a national mortgage association or any successor or successors thereto; in demand, time, or savings deposits with any bank or trust company the deposits of which are insured by the Federal Deposit Insurance Corporation; in stock or obligations of any corporation or agency of the United States or this State, or in deposits therewith to the extent that such corporation or agency assists in furthering or facilitating the association's purposes or power; in savings accounts of any association operating under the provisions of this Act and of any Federal association; in bonds, notes, or other evidences of indebtedness which are a general obligation of any city, town, village, county, school district, or other municipal corporation or political subdivision of this State; and in such other securities or obligations which the Commissioner may approve and place on a published list. An association investing in securities which are listed by the Commissioner shall not be required to dispose of such securities if at a later time the Commissioner shall remove same from list. No security owned by an association shall be carried on its books at more than the actual cost thereof unless a different treatment is permitted by the Commissioner in writing."

The forerunner of Section 5.11 was Article 881a-37, Section 5. This section granted authority to make investments in certain enumerated classes of property only upon the basis of rules and regulations promulgated by the Banking Commissioner of Texas. In Article 342-114, the Building and Loan Section was directed to recommend to the Banking Commissioner and his successor, the Savings and Loan Commissioner, proposed rules and regulations in this area. The Savings and Loan Commissioner was therefore the person who had the ultimate responsibility for preparation of rules and regulations for the conduct of the particular investments at issue here. We must note that Article 342-114 made no general grant of rule-making power in this particular area; rather, Article 342-114 made a very specific grant of power and such power should be considered as limited within its specific terms. By the Texas Savings and Loan Act it is clear that the Legislature declined to carry over the old rule-making power which had been exercised by the Commissioner under Article 881a-37. Section 5.11 carries within it authorization for the exercise of only very limited authority for the Commissioner and there is no general grant of authority which provides a basis for general rule-making with regard to investment in securities. Section 5.11 is clear, and by its terms leaves no room for the exercise of any additional regulatory authority in the specific area dealt with.

## S U M M A R Y

An erroneous reference to a certain Act does not render null and void the authority granted in Section 5.04 of the Texas Savings and Loan Act (Article 852a, V.C.S.) as to rules and regulations to be promulgated by the Building and Loan Section of the Finance Commission.

Under Section 5.11 of the Texas Savings and Loan Act, neither the Commissioner nor the Building and Loan Section of the Finance Commission have any general authority to make rules and regulations as to investments, and may only exercise the specific powers granted in the statute.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Malcolm L. Quick*
Malcolm L. Quick
Assistant

MLQ:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joe Trimble
John Reeves
Gilbert Hargrave
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone